**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

|  |  |  |
|---|---|---|
| S.Q., | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 4:26-cv-11-CDL-ALS |
| | : | |
| Warden, STEWART DETENTION, | : | |
| CENTER, *et al.*, | : | |
| | : | |
| Respondents. | : | |

_____

**RECOMMENDATION OF DISMISSAL**

The Court received Petitioner's *pro se* application for habeas relief under 28 U.S.C. § 2241 on January 5, 2026. (ECF No. 1). Before the Court are Respondents' Motions to Dismiss, which were filed on January 28 and April 1, 2026. (ECF Nos. 4, 11). In his habeas application, Petitioner seeks release from Respondents' custody. (ECF No. 1, at 9). In support of their second Motion to Dismiss, Respondents submitted a copy of an Order of Supervision, showing that Petitioner was granted release from custody. (ECF No. 11-1). Because Respondents released Petitioner from their custody, Respondents now contend that Petitioner's pending habeas application is moot and should be dismissed as such. (ECF No. 11, at 2-3). The Court agrees and recommends dismissal of this case as moot.

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001) (alteration in original). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Id.* at 1336 (citation omitted).

Here, Petitioner sought an order granting him a writ of habeas corpus and release from detention. (ECF No. 1, at 9). Respondents released Petitioner from their physical custody on March 27, 2026. (ECF Nos. 11, at 1; 11-1, at 1). Furthermore, Petitioner is not contesting the conditions of his release such that this Court could maintain jurisdiction over his habeas petition. *See Alvarez v. Holder*, 454 F. App'x 769, 772 (11th Cir. 2011); (*see also* ECF No. 11-1). Since the Court can no longer give Petitioner any meaningful relief, the case is moot and "dismissal is required because mootness is jurisdictional." *Al Najjar*, 273 F.3d at 1336 (citation omitted).

Consequently, the Court **RECOMMENDS** that Respondents' second Motion to Dismiss (ECF No. 11) be **GRANTED**, and Petitioner's application for habeas relief (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE** to his right to file a new § 2241 petition in the future if a change in his circumstances occurs.[1] In light of the recommended dismissal, the Court **RECOMMENDS** that Respondents' first Motion to Dismiss (ECF No. 4) be **DENIED as moot**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. Any objection should be no longer than TWENTY (20) PAGES in length. *See* M.D. Ga. L.R. 7.4. The district judge shall make a *de novo* determination of those portions of the Recommendation to which objection is made.  All other portions of the Recommendation may be reviewed for clear error.

---

[1] Respondents indicate that Petitioner is no longer detained at Stewart Detention Center. (*See* ECF No 11, at 1). The Clerk is **DIRECTED** to forward a service copy of this Recommendation to Petitioner at the address listed for Petitioner on the certificate of service attached to Respondents' motion to dismiss. *Id*. at 4.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 3rd day of June, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE

3